IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:92-CR-365-D (27) |
| VS. | § | |
| | § | |
| LESTER HENRY ROBINSON, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Lester Henry Robinson ("Robinson") moves the court to reduce his sentence based on the United States Sentencing Commission's adoption and retroactive application of Amendment No. 505, which changes the Drug Quantity Table in U.S.S.G. § 2D1.1.[1] For the reasons that follow, the court grants the motion and reduces his sentence of imprisonment to 400 months.[2]

I

At the time the court sentenced Robinson on February 18, 1994, his offense level was 43 and his criminal history category III, resulting in a range of life in prison. This was calculated according to a base offense level of 40,[3] plus a two-level increase for possession of a weapon, plus a two-level increase for Robinson's role in the offense, resulting in a total offense level of 44. This offense level

---

[1]Robinson's request is set forth in a September 16, 2005 motion for resentencing.

[2]Robinson's November 7, 2005 motion for the appointment of counsel is denied. He is not entitled to appointed counsel to present this motion, *see United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995), and the court in its discretion denies his request, concluding that he is capable of litigating the motion without the assistance of counsel.

[3]The court sustained an objection to the presentence report, which had recommended a base offense level of 42.

was reduced to a 43 pursuant to U.S.S.G. § 5, n. 2. Based on the amended Drug Quantity Table, the new base offense level is 38. With a two-level increase for possession of a weapon, and a two-level role adjustment, the offense level is a 42, resulting in a range of 360 months to life. Robinson asks the court to resentence him. The government does not oppose Robinson's motion, but it suggests that a sentence of 600 months is justified.

II

18 U.S.C. § 3582(c)(2) provides, in relevant part, that the court can reduce the sentence of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the United States Sentencing Commission, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. The court must consider the factors set forth in § 3553(a) to the extent they are applicable.[4] In exercising its

---

[4]Under § 3553(a) the court considers the following factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
        (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the

discretion, the court must "consider the sentence that it would have originally imposed had the guidelines, as amended, been in effect at the time." *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995) (quoting U.S.S.G. § 1B1.10(b)) (addressing Amendment No. 488).

When the court sentenced Robinson originally, it calculated a base offense level of 40 based on 5 to 15 kilos of cocaine base. Amendment No. 505 has now capped the base offense level at 38 for all amounts of cocaine base equal to or greater than 1.5 kilograms. The evidence at the sentencing hearing supported the finding that at least 5 kilograms of cocaine base were attributable to Robinson, which represents in excess of a threefold multiple of the amount of cocaine base necessary to reach the maximum base offense level of 38. Additionally, Robinson's criminal history

---

Sentencing Commission into amendments issued under section 994(p) of title 28); and
(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
(5) any pertinent policy statement—
(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

category is a III and includes countable drug- and weapons-type offenses. At criminal history category III, the range of 360 months to life imprisonment begins at offense level 40; Robinson's offense level, even with the benefit of Amendment No. 505, is 42.

After considering the factors set out in § 3553(a), the court finds that had it sentenced Robinson based on an offense level of 42 and a criminal history category of III, it would have imposed a sentence of 400 months' imprisonment.

III

Accordingly, the court grants Robinson's motion and modifies its judgment filed February 24, 1994 as follows.

The judgment is modified at page 2 so that the portion of the sentence that reads:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for the duration of his life.

is modified to read:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of four hundred (400) months.

In all other respects the original judgment and sentence of the court shall stand as entered.

The clerk of court shall provide copies of this memorandum opinion and order to the usual recipients, and shall also transmit a copy to the Bureau of Prisons.

**SO ORDERED**.

January 18, 2006.

                                            SIDNEY A. FITZWATER
                                            UNITED STATES DISTRICT JUDGE